**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAIRONG HE, | No. 07-73139 |
| Petitioner, | Agency No. A096-354-854 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Kairong He, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order summarily affirming an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we grant the petition for review.

Substantial evidence does not support the IJ's adverse credibility determination because petitioner's testimony was internally consistent with respect to the number of times she reported to the police station, and petitioner testified consistently with her asylum application with respect to the date she was arrested, the date she married her second husband, and whether she signed a confession. *See Singh v. Gonzales*, 403 F.3d 1081, 1090 (9th Cir. 2005) (adverse credibility determination not supported where identified inconsistencies were not present in the record); *see also Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004) (confusion due to translation problems was reasonably explained and not therefore not a proper basis for adverse credibility determination). Additionally, her asylum application's omission of her parents' arrest in an unrelated incident six years prior to petitioner's arrest was minor, *see Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000), and petitioner's choice to stay in China to be with her ailing parents for one month after she was issued a visa did not undermine her credibility, *see Damaize-Job v. INS*, 787 F.2d 1332, 1336 (9th Cir. 1986). Moreover, the IJ

07-73139

improperly speculated the Chinese police would not forbid a hospital to issue medical records. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000).

In the absence of evidence undermining the reliability of her daughter's cremation certificate, petitioner's failure to authenticate the certificate does not weaken her claims. *See Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir. 2003). Finally, because each of the proffered reasons for the IJ's adverse credibility finding fails, additional corroboration is not required. *See Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir. 2002).

Accordingly, we grant the petition and remand to the BIA for further proceedings in which petitioner's testimony shall be deemed credible. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093-96 (9th Cir. 2009); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

07-73139